1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   KENNETH LEWIS,                              Civil No.    09-2502 DMS (RBB)
12                              Petitioner,
                                                **ORDER DISMISSING CASE**
13                 v.                            **WITHOUT PREJUDICE AND WITH**
                                                **LEAVE TO AMEND**
14   COURT,
15                              Respondent.

16          Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas
17   Corpus pursuant to 28 U.S.C. § 2254.

18            **FAILURE TO SATISFY FILING FEE REQUIREMENT**

19          Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma
20   pauperis.  This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or
21   qualified to proceed in forma pauperis.  *See* Rule 3(a), 28 U.S.C. foll. § 2254.

22              **FAILURE TO NAME PROPER RESPONDENT**

23          Review of the Petition reveals that Petitioner has failed to name a proper respondent.  On
24   federal habeas, a state prisoner must name the state officer having custody of him as the
25   respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28
26   U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to
27   name a proper respondent.  *See id.*
28   / / /

1    The warden is the typical respondent.  However, "the rules following section 2254 do not

2    specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the

3    institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

4    institutions.'"  *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a

5    petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

6    be the state officer who has official custody of the petitioner (for example, the warden of the

7    prison).'"  *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

8        A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]

9    habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The

10   actual person who is [the] custodian [of the petitioner] must be the respondent."  *Ashley v.*

11   *Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of

12   habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the

13   body" if directed to do so by the Court.  "Both the warden of a California prison and the Director

14   of Corrections for California have the power to produce the prisoner."  *Ortiz-Sandoval*, 81 F.3d

15   at 895.

16       Here, Petitioner has incorrectly named "Court," as Respondent.   In order for this Court

17   to entertain the Petition filed in this action, Petitioner must name the warden in charge of the

18   state correctional facility in which Petitioner is presently confined or the Director of the

19   California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir.

20   1992) (per curiam).

21       **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

22       Further, habeas petitioners who wish to challenge either their state court conviction or the

23   length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C.

24   § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Ordinarily, to satisfy the

25   exhaustion requirement, a petitioner must "fairly present[] his federal claim to the highest state

26   court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains

27   available.  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404

28   U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  Moreover, to properly

1   exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or

2   her federal rights have been violated.  For example, "[i]f a habeas petitioner wishes to claim that

3   an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed</u>

4   <u>by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state

5   court."  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

6       Nowhere on the Petition does Petitioner allege that he raised his claims in the California

7   Supreme Court.  If Petitioner has raised his claims in the California Supreme Court he must so

8   specify.

9       Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death

10  Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ

11  of habeas corpus by a person in custody pursuant to the judgment of a State court.  The

12  limitation period shall run from the latest of:

13          (A) the date on which the judgment became final by the
            conclusion of direct review or the expiration of the time for seeking
14          such review;

15          (B) the date on which the impediment to filing an application
            created by State action in violation of the Constitution or laws of the
16          United States is removed, if the applicant was prevented from filing
            by such State action;

17

18          (C) the date on which the constitutional right asserted was
            initially recognized by the Supreme Court, if the right has been
19          newly recognized by the Supreme Court and made retroactively
            applicable to cases on collateral review; or

20          (D) the date on which the factual predicate of the claim or
            claims presented could have been discovered through the exercise
21          of due diligence.

22  28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

23      The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition

24  is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

25  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

26  when its delivery and acceptance [by the appropriate court officer for placement into the record]

27  are in compliance with the applicable laws and rules governing filings.").  However, absent some

28  / / /

1  other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is

2  pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

3  **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

4  Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner

5  has failed to allege that his state court conviction or sentence violates the Constitution of the

6  United States.

7  Title 28, United States Code, § 2254(a), sets forth the following scope of review for

8  federal habeas corpus claims:

9  The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
   entertain an application for a writ of habeas corpus in behalf of a person in
10  custody pursuant to the judgment of a State court only on the ground that he is in
   custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

11

12  28 U.S.C. § 2254(a) (emphasis added).  *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir.

13  1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800

14  F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim

15  under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of

16  a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the

17  United States."  *See* 28 U.S.C. § 2254(a).

18  Here, Petitioner claims that "under the jurisdiction of the courts my pleas were not met

19  in the court of law as my life sentence was given to me [and] in time I have met my sentence."

20  (Pet. at 3.)  In addition he claims "this is an understanding of the facts of my case, of the facts

21  of my board of prison terms denied eight times in the last 17 years." (*Id.* at 4.)  In no way does

22  Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United

23  States."  28 U.S.C. § 2254.

24  **FAILURE TO USE PROPER FORM**

25  Moreover, a Petition for Writ of Habeas Corpus must be submitted in accordance with

26  the Local Rules of the United States District Court for the Southern District of California.  *See*

27  Rule 2(c), 28 U.S.C. foll. § 2254.  In order to comply with the Local Rules, the petition must be

28  submitted upon a court-approved form and in accordance with the instructions approved by the

1   Court.  Presently, Petitioner has submitted an application for writ of habeas corpus on a non-

2   approved form.

3                                    **FAILURE TO SIGN PETITION**

4           Finally, Rule 2(c) of the Rules Governing Section 2254 Cases provides that "[t]he petition

5   shall be typewritten or legibly handwritten and <u>shall be signed under penalty of perjury by the</u>

6   <u>petitioner</u>."  Rule 2(c), 28 U.S.C. foll. § 2254 (emphasis added).  Here, Petitioner has failed to

7   sign the Petition.

8                                         **CONCLUSION**

9           For all the foregoing reasons, the Court DISMISSES this case without prejudice and with

10  leave to amend.  If Petitioner wishes to proceed with this case, he must submit, **no later than**

11  **January 16, 2010**: (1) a copy of this Order with the $5.00 fee **OR** a motion to proceed in forma

12  pauperis; **AND** (2) a First Amended Petition which cures the pleading deficiencies outlined in

13  this Order.  **THE CLERK OF COURT SHALL MAIL PETITIONER A BLANK MOTION**

14  **TO PROCEED IN FORMA PAUPERIS AND A BLANK FIRST AMENDED PETITION**

15  **FORM TOGETHER WITH A COPY OF THIS ORDER.**

16          IT IS SO ORDERED.

17  DATED:  November 13, 2009

18                                                                    Dana M. Sabraw
                                                                United States District Judge
19

20

21

22

23

24

25

26

27

28